# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLANDO DOPICO PEREIRA,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | Case No. 1:26-cv-05643-KES-SAB-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 20, 2026, Petitioner filed a petition challenging his detention. (ECF No. 1.) On August 13, 2026, Respondents filed a response, stating that Petitioner is subject to an administratively final order of removal, "his continued detention is lawful under 8 U.S.C. § 1231(a)(1)(C) and constitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001)," and "the government still intends to remove him to Mexico, upon Petitioner's cooperation." (ECF No. 6 at 1, 3.)

"However, the burden-shifting framework from *Zadvydas* does not apply here" because "[t]his case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*" but rather "ICE's authority to *re-detain* [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." Yan-Ling X. v. Lyons, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025) (alterations

in original) (internal quotation marks omitted) (quoting Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025)). "The regulations at 8 C.F.R. §§ 241.13(i) and 241.4(l) apply to non-citizens in petitioner's situation and outline the process to be followed," including notice of the reasons for revocation of Petitioner's release and an informal interview promptly after Petitioner's return to custody. Yan-Ling X., 813 F. Supp. 3d at 1163. Additionally, "under 8 C.F.R. § 241.13(i)(2), when ICE revokes the release of a noncitizen who has been ordered removed to effectuate their removal, it is ICE's burden to show a significant likelihood of removal." Huang v. Albarran, 818 F. Supp. 3d 1154, 1161 (E.D. Cal. 2026) (quoting 8 C.F.R. § 241.13(i)(2)). See Riveros Cadavid v. Dep't of Homeland Sec., No. EDCV 26-01805-KK-DTBX, 2026 WL 1105032, at *3 (C.D. Cal. Apr. 17, 2026) ("Even if Petitioner was to be removed to a third country, that process 'would require additional, lengthy proceedings' because of Petitioner's right to seek fear-based relief. Among other things, Petitioner 'likely will have the opportunity to seek further relief from the Immigration Court, and then potentially file appeals from any adverse rulings,' which 'further demonstrates that removal is not likely in the reasonably foreseeable future.'" (citations omitted)).

Additionally, this Court has found that Respondents' third-country removal policy "is contrary to Ninth Circuit precedent" and "unconstitutional." Vu v. Noem, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025). Accord Vishal v. Chestnut, 811 F. Supp. 3d 1179, 1187 (E.D. Cal. 2025) ("Multiple courts have found the government's third country removal policy violates due process and is contrary to Ninth Circuit precedent.") (collecting cases).

The Court finds that additional briefing on whether the government complied with 8 C.F.R. §§ 241.13(i) and 241.4(l) in re-detaining Petitioner and whether this case is distinguishable from the cases in which this Court has granted relief based on Respondents' third-country removal policy would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERED that:

1. Within fourteen (14) days of the date of service of this order, Respondent SHALL FILE a supplemental brief on the issues set forth above; and

2. Within fourteen (14) days of the date of service of Respondent's supplemental brief, Petitioner MAY FILE a supplemental brief.

IT IS SO ORDERED.

Dated: **August 21, 2026**

STANLEY A. BOONE
United States Magistrate Judge